## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

RYAN C. ETHERSON-TABB,

            Petitioner,     :          Case No. 1:25-cv-00409

  - vs -                    District Judge Michael R. Barrett
                                 Magistrate Judge Michael R. Merz

NORMAN ROBINSON, WARDEN,
  Southeast Correctional Institution,

                                :

            Respondent.

## REPORT AND RECOMMENDATIONS

       This is a habeas corpus action brought *pro se* by Petitioner Ryan Etherson-Tabb to obtain relief from his convictions in the Scioto County Court of Common Pleas for drug trafficking and possession of drugs and criminal tools (Petition, ECF No. 1).  On the Court's Order (ECF No. 3), the Warden has filed the State Court Record (ECF No. 11) and a Return of Writ (ECF No. 12).  In the same Order, the Court set a reply date of twenty-one days after the Return  was filed and then reminded Petitioner of that deadline when it received the Return (ECF No. 13).  However, Petitioner has filed no reply.

**Litigation History**

       On August 25, 2021, the Scioto County Grand Jury indicted Etherson-Tabb for aggravated

drug trafficking in violation of Ohio Revised Code §§ 2925.03(A)(3) and (C)(1)(d) (Count 1), aggravated drug possession in violation of Ohio Revised Code §§ 2925.11(A), and (C)(1)(c) (Count 2), and possessing criminal tools in violation of Ohio Revised Code §§ 2923.24(A) and (C) (Count 3).

After Petitioner waived his right to a jury trial, the parties agreed the trial judge should hear together the evidence in support of his motion to suppress and evidence on the merits. After the trial, Petitioner was found guilty and sentenced to the term of imprisonment he is now serving (Judgment, State Court Record ECF No. 11, Ex. 7).  Represented by new counsel, Petitioner appealed to the Ohio Court of Appeals for the Fourth District, raising the following assignment of error:

> Whether the trial Court erred in denying appellant motion to suppress which deprived him of substantial rights of the Fourth Amendment of the United States Constitution and the Ohio Constitution, Article 1, Section 14.

(Appellant's Brief, State Court Record, ECF No. 11, Ex. 13, PageID 125).  The Fourth District affirmed (*State v. Etherson-Tabb*, 2024-Ohio-550 (4ᵗʰ Dist. Feb. 9, 2024) and the Ohio Supreme Court declined jurisdiction over a further appeal.  *State v. Etherson-Tabb,* 174 Ohio St. 3d 1403 (2024).

Petitioner filed his Petition in this Court on June 16, 2025, pleading one ground for relief

> **GROUND ONE:** Whether Petitioner was deprived of due process of his substantial rights of the 4th Amendment of the United States and Ohio Constitution.
>
> **Supporting Facts:** A traffic stop must comply with the Fourth Amendment's general reasonableness requirement, and must not go beyond temporary detention when a reasonable prudent person would not believe a crime had been committed; Thereby denying petitioner's motion to suppress a traffic stop that did not comply with the fourth amendments general reasonableness requirement violated due process.

2

(Petition, ECF No. 1, PageID 5).

# Analysis

Respondent asserts the merits review of the Petition is barred by *Stone v. Powell,* 428 U.S. 465 (1976), where the Supreme Court held that Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. In *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982), the Sixth Circuit held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526. In *Good v. Berghuis*, 729 F.3d 636 (6th Cir. 2013), the Sixth Circuit held an evidentiary hearing was not required by due process and followed its prior conclusion that "opportunity means opportunity . . . the state court need do no more than 'take cognizance of the constitutional claim and render a decision in light thereof." *Id.* at 638, *quoting Moore v. Cowan*, 560 F.2d 1298, 1302 (6th Cir. 1977).

> Consistent with *Moore* and with two of the three votes in *Bradley*, we make clear that the *Powell* "opportunity for full and fair consideration" means an available avenue for the prisoner to present his claim to the state courts, not an inquiry into the adequacy of the procedure actually used to resolve that particular claim.

*Id.* at 639-40. Here the state trial court did provide an evidentiary hearing and the Fourth District

3

considered the Fourth Amendment claim on appeal. Petitioner has not filed a reply to contest Respondent's defense.

The Magistrate Judge concludes the State afforded Petitioner a full and fair opportunity to litigate his Fourth Amendment claim and therefore merits review of that claim is barred by *Stone*.

## Conclusion

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 28, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.